UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JESUS ANTONIO DIAZ FLORES (A 221 406 615), | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:25-cv-00657-JRS-MG |
| KRISTI NOEM Secretary, U.S Department of Homeland Security, *et al.*, | ) ) ) | |
| Respondents. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS**

Jesus Diaz Flores seeks a writ of habeas corpus requiring that he be released from

U.S. Immigration and Customs Enforcement (ICE) detention or, alternatively, that he receive a

bond hearing. Because the undisputed facts demonstrate that Mr. Diaz Flores is eligible for bond,

the Court grants his petition by directing that he be afforded a bond hearing or released from

detention.

**I. Background**

The material facts are undisputed.

Mr. Diaz Flores is a Mexican national. He entered the United States in November 2021. He

was expelled in February 2022 but later returned and entered without inspection. Dkt. 6 ¶ 4; dkt.

9-1 at 2.

On December 3, 2025, Mr. Diaz Flores was arrested in Northeastern Indiana for driving

without ever having received a license. The state court granted him bond, but ICE officials

immediately took him into custody.  He is currently detained in Clay County at ICE's direction.

Dkt. 9-1 at 2.

When ICE took custody of Mr. Diaz Flores on December 5, it did so on the authority of an administrative arrest warrant issued by an immigration officer. Dkt. 9-1 at 8. That warrant authorizes Mr. Diaz Flores's arrest pursuant to 8 U.S.C. §§ 1226 and 1357. *Id.*

There is no indication that Mr. Diaz Flores has appeared before an immigration judge or that he has requested or received a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Diaz Flores argues that he is detained without any possibility of bond and that he is therefore in custody in violation of the Fifth Amendment and the Immigration and Naturalization Act (INA). He asks the Court to order the respondents to release him immediately or at least grant him a bond hearing. The respondents answer that Mr. Diaz Flores must be detained under 8 U.S.C. § 1225 and that this Court lacks jurisdiction to review the Attorney General's discretionary decision to withhold bond. Alternatively, the respondents argue, Mr. Diaz Flores is entitled to at most a bond hearing.

**A.    Detention Under § 1226**

Mr. Diaz Flores argues that circumstances preceding his arrest and detention dictate that his detention may only be authorized by 8 U.S.C. § 1226(a):

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole[.]

The respondents answer that Mr. Diaz Flores's detention is not only authorized but required by 8 U.S.C. § 1225(b)(2)(A), which directs that "an alien who is an applicant for admission . . . shall be detained" for the pendency of removal proceedings. They insist that, because Mr. Diaz Flores has not been admitted to the United States by immigration officials, and because he opposes his removal, he is an "alien who is an applicant for admission" and therefore subject to compulsory detention under § 1225(b)(2)(A). Dkt. 10 at 6–8. This position is untenable for two reasons.

First, the respondents' interpretation of § 1225(b)(2)(A)—that every alien arrested inside the United States who seeks to remain here, no matter how long after arriving, is an applicant for admission subject to mandatory detention—is legally dubious. The Seventh Circuit recently responded to this argument with skepticism. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. Dec. 11, 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."). Before and since, this Court and the vast majority of other district courts have rejected the government's interpretation. *See, e.g.*, *Perez Reyes v. Bondi*, No. 4:25-cv-00239-SEB-KMB, 2025 WL 3755928, at *3 (S.D. Ind. Dec. 29, 2025) ("The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to 'arriving' noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Perez Reyes who have lived in the interior of the United States for years."). "As this Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent

with decades of prior statutory interpretation and practice." *Id.* (citing *Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025)).

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 9 at 1. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[1]

Second, even if the respondents' legal reasoning was more persuasive, it could not be reconciled with the government's treatment of Mr. Diaz Flores in this case. The government arrested Mr. Diaz Flores pursuant to an administrative warrant issued by DHS. Dkt. 9-1 at 8. The warrant is addressed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." *Id.* Section 236 of the INA is codified at 8 U.S.C. § 1226. Meanwhile, the warrant does not cite Section 235—8 U.S.C. § 1225. The government determined and documented that Mr. Diaz Flores was subject to arrest under § 1226, not § 1225.

As this Court previously reasoned, mandatory detention and discretionary release are mutually exclusive concepts. An alien cannot be subject both to mandatory detention under § 1225(b)(2)(A) and eligible for discretionary release under § 1226(a)(2); the provisions can only exist harmoniously if they apply to separate classes of aliens. *Singh v. Bondi*, No. 1:25-cv-02101-

---

[1] The respondents offer a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *See* dkt. 9 at 1–2. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic for reasons expressed in previous decisions and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025). The government acted under § 1226

when it took Mr. Diaz Flores into custody. It cannot now maintain that he is subject to § 1225(b)(2)

and therefore categorically ineligible for discretionary release. *Id.* (citing *Patel v. Crowley*, No. 25

C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258,

2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-

RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks

and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has

instead placed Petitioners in removal proceedings under section 1229a and released them on their

own recognizance under section 1226(a)."); *Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir.

2000)).

**B.      Jurisdiction Under § 1226(e)**

The respondents also argue that, even if Mr. Diaz Flores's detention is governed by § 1226,

then § 1226(e) deprives the Court of jurisdiction over his claim. This argument collapses under its

own weight. Section 1226(e) precludes review of the "Attorney General's discretionary judgment

regarding the application of" § 1226 to detain an alien or revoke or deny bond or parole. The

Attorney General has not rendered a discretionary judgment under § 1226. She has not rendered

any judgment at all. She has not considered the possibility of bond or parole and therefore has not

revoked or denied it.

Section 1226(e) might preclude this Court's intervention if Mr. Diaz Flores requested bond,

an immigration judge considered his request on the merits and denied it, and he petitioned this

Court for a different result. But there is no record that Mr. Diaz Flores has appeared before an

immigration judge. The government has not made a discretionary decision to detain him. It insists

that it has no discretion. Section 1226(e) does not apply to this case.[2]

## C.       Relief Available

Mr. Diaz Flores argues that his detention without consideration of bond violates the

Constitution and laws of the United States and asks the Court to order his immediate release. Any

relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*,

467 U.S. 39, 50 (1984). Whether viewed through the scope of § 1226 or the Fifth Amendment, the

appropriate relief for Mr. Diaz Flores is a bond hearing—not immediate release. He maintains—

and the Court agrees—that he is subject to § 1226, which allows the government to "continue to

detain" him. 8 U.S.C. § 1226(a)(1). Mr. Diaz Flores's custody is not unlawful because of the very

fact that he is detained. Rather, his custody is unlawful only to the extent the government refuses

to consider whether he may be released as the law requires.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have

**seven days** to certify that Mr. Diaz Flores has (1) appeared for a bond hearing before an

immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been

released from detention. The petition is **denied** to the extent it seeks an order that Mr. Diaz Flores

be immediately released. The **clerk is directed** to enter **final judgment**.

       **IT IS SO ORDERED.**

---

[2] The record indicates that Mr. Diaz Flores has not yet requested a bond hearing. This does not change the outcome. The respondents do not argue that the failure to exhaust administrative remedies bars his petition and therefore have waived any such argument. *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). And, in any event, this Court has found that failure to move for a bond hearing does not preclude habeas relief given the Board of Immigration Appeals' consistent holding—echoed by the respondents in this case—that aliens in Mr. Diaz Flores's position are not eligible for a discretionary bond determination. *Perez Reyes*, 2025 WL 3755928, at *2; dkt. 10 at 12–13.

Date: 1/23/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Brittni Rivera
Kriezelman Burton and Associates
brivera@krilaw.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov